**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **CANDIDO CONTRERAS and** | |
| **VANESSA CONTRERAS** | **PLAINTIFFS** |
| | |
| **vs.** | **CAUSE No.: 3:25-CV-222-HTW-LGI** |
| | |
| **MATTHEW FAIRCLOTH;** | |
| **GREATWIDE AMERICAN TRANS-** | |
| **FREIGHT LLC, and JOHN DOES 1-10[1]** | **DEFENDANTS** |

---

**ORDER**

---

**BEFORE THIS COURT** is the Defendants' Motion for Partial Summary Judgment **[Docket No. 51]**. The Defendants, Matthew Faircloth ("Mr. Faircloth") and Greatwide American Trans-Freight LLC ("Greatwide"), seek the dismissal of Plaintiffs' claims for negligent entrustment, hiring, supervision, and training against Greatwide, as well as the dismissal of all claims for punitive damages.

Plaintiffs, Candido and Vanessa Contreras, concede that the direct negligence claims against Greatwide should be dismissed but maintain that genuine issues of material fact exist regarding the availability of punitive damages. This court, having considered the motion, the

---

[1] For the purposes of establishing this court's authority, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). As the Federal Rules of Civil Procedure make clear, "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1); *Abraugh v. Altimus*, 26 F.4th 298, 304 (5th Cir. 2022). The fictious John Does 1-10, thus, are dismissed from this matter.

parties' submissions, and the relevant legal authority, finds that the motion is well-taken and should be **GRANTED** for the reasons stated *infra*.

## I.    JURISDICTION

This court anchors its authority over this dispute in the diversity jurisdiction provided by 28 U.S.C. § 1332[2], as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiffs are residents of Mississippi; Defendant Matthew Faircloth is a citizen of North Carolina; and Defendant Greatwide American Trans-Freight LLC is a foreign limited liability company organized under the laws of Delaware with its principal place of business in Texas.

This court, exercising diversity subject matter jurisdiction here, must apply the substantive law of the forum state—Mississippi—and federal procedural law. *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 69 (5th Cir. 2014). This mandate originates from the "*Erie* doctrine", which requires federal courts sitting in diversity to apply state substantive law to avoid the inequitable administration of the laws. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

## II.    BACKGROUND

### A.  Factual Background

This lawsuit arises from a motor vehicle accident that occurred at approximately 5:45 p.m. on November 30, 2023, in Hinds County, Mississippi. At the time, it was raining. Defendant Matthew Faircloth was operating an 18-wheeler tractor-trailer in the far-left lane of I-55 North near the Woodrow Wilson Drive exit. Plaintiff Candido Contreras was operating a GMC pickup truck in the middle lane.

---

[2] 28 U.S.C. § 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]"

A vehicle in front of Mr. Faircloth slammed on its brakes and came to a near stop. Mr. Faircloth, who testified he was following at a safe distance, applied his brakes, but his chassis tires hydroplaned. His vehicle subsequently struck the rear driver's side door of the Plaintiffs' pickup truck. Neither vehicle required towing from the scene, and Mr. Contreras did not seek immediate treatment from emergency medical services.

### B.   Procedural History

Plaintiffs filed suit on March 3, 2025, in the Circuit Court of Hinds County, Mississippi. On March 21, 2025. Defendants Greatwide and Faircloth timely removed the case to this court . Plaintiffs later amended their complaint to add a loss of consortium claim on behalf of Vanessa Contreras. Discovery concluded on December 4, 2025. Defendants now move for partial summary judgment on the direct negligence claims against the employer and the demand for punitive damages. [Docs. 51 and 52].

### III.   LEGAL STANDARD

Summary judgment is appropriate when the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". *Fed. R. Civ. P. 56(a)*[3]; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. If the moving party sustains its burden, the nonmoving party must show with "significant probative evidence" that a genuine issue exists for trial. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). This court

---

[3] Federal Rule of Civil Procedure 56(a) provides: "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

views all facts and reasonable inferences in the light most favorable to the nonmovant. *Vaughan v. Anderson Reg'l Med. Ctr.*, 849 F.3d 588, 590 (5th Cir. 2017).

## IV.   DISCUSSION

### A.   Direct Negligence Claims Against Greatwide

Defendants argue that the direct negligence claims against Greatwide for negligent entrustment, hiring, supervision, and training must be dismissed because Greatwide admits Mr. Faircloth was acting within the scope of his employment. Under Mississippi law, when an employer admits vicarious liability for its employee's actions, direct negligence claims against that employer become redundant and are generally barred. *Carothers v. City of Water Valley*, 242 So. 3d 138, 144-45 (Miss. Ct. App. 2017); *see also Nehi Bottling Co. v. Jefferson*, 103 So. 2d 855 (Miss. 1928).

Plaintiffs stipulate to the dismissal of these claims in their response brief. [Doc. 57 at 3]. Accordingly, the court dismisses the counts for negligent entrustment, hiring, training, and supervision against Greatwide with prejudice.

### B.   Punitive Damages

The remaining summary judgment dispute concerns whether Mr. Faircloth's conduct justifies submitting the issue of punitive damages to a jury. To recover punitive damages in Mississippi, a plaintiff must prove by clear and convincing evidence that the defendant "acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud". *Miss. Code Ann. § 11-1-65(1)(a)[4]*; *Bradfield v. Schwartz*, 936 So. 2d 931, 936 (Miss. 2006).

---

[4] Miss. Code Ann. § 11-1-65(1)(a) provides: "Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual

Simple negligence is insufficient to support an award of punitive damages. *Choctaw Maid Farms, Inc. v. Hailey*, 822 So. 2d 911, 924 (Miss. 2002). In the context of motor vehicle accidents, Mississippi courts are "extremely reticent" to permit punitive damages for "typical traffic infractions". *Walker v. Smitty's Supply, Inc.*, No. 5:06-cv-3, 2008 WL 2487793, at *6 (S.D. Miss. May 8, 2008). This reticence extends to cases involving speeding or rear-end collisions. *Mayfield v. Johnson*, 202 So. 2d 630, 631 (Miss. 1967).

Plaintiffs argue that Mr. Faircloth's alleged violation of Mississippi's "left-lane law" and his speed while raining constitute reckless disregard. The record, however, shows that Mr. Faircloth was following at what he considered a safe distance and attempted to brake when the vehicle in front of him stopped abruptly. [Doc. 52-2 at 12]. Even assuming Mr. Faircloth committed traffic violations by driving in the left lane or failing to maintain a proper lookout, such conduct does not rise to the level of "aggravated conduct" required for punitive damages. *Robinson v. Colucci*, No. 3:16-cv-687, 2017 WL 11379844, at *4 (S.D. Miss. Oct. 30, 2017).

The Mississippi Supreme Court has held that even when a driver exceeds the speed limit and fails to keep a proper lookout, punitive damages are not warranted if the driver attempted to avoid the collision. *Mayfield*, 202 So. 2d at 631. Allowing punitive damages in this "simple automobile negligence case" would deviate from established precedent. *Id.* Furthermore, Greatwide cannot be held vicariously liable for punitive damages under Mississippi law. *Buckalew v. Schneider Nat'l Carriers, Inc.*, No. 3:13-cv-421, 2014 WL 4146654, at *3 (S.D. Miss. Aug. 19, 2014).

---

malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud."

## V.    CONCLUSION

The record before this court lacks any evidence that Mr. Faircloth acted with the requisite reckless disregard to support a claim for punitive damages. Additionally, the parties agree that the direct negligence claims against the employer are foreclosed by the admission of vicarious liability.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Partial Summary Judgment **[Docket No. 51]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims for negligent entrustment, hiring, supervision, and training against Greatwide American Trans-Freight LLC are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims for punitive damages against all Defendants are **DISMISSED WITH PREJUDICE**.

**SO ORDERED this the  20th  day of             April            , 2026.**

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**